

Peter T. Shapiro
77 Water Street, Suite 2100
New York, New York 10005
Peter.Shapiro@lewisbrisbois.com
Direct: 212.232.1322

August 13, 2019

File No. 26697.393

**VIA ECF**
Hon. Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Aretha Crosson v. Popsockets LLC*
             Case No. 19-cv-00200(CBA)(LB)

Dear Judge Amon:

    As counsel for Defendant, I write to address the parties' settlement and to present the parties' joint request for judicial approval of the Consent Decree enclosed herewith.

    Plaintiff's class action Complaint alleges that Defendant's website is a place of public accommodation which is not accessible to visually disabled persons in violation of the Americans with Disabilities Act, the New York State Human Rights Law and the New York City Human Rights Law. While Defendant does not admit liability, we have reached an early settlement with plaintiff individually in order to avoid the cost and inconvenience of litigation and to address the issues raised by this action in a mutually acceptable fashion. We hereby request that the Court so-order the Consent Decree, which we submit is fair and reasonable and in the public interest.

    The Consent Decree has been fashioned as a reasonable resolution of the plaintiff's claims. *See, e.g., Yap v. Sumitomo Corp. of America*, No. 88 Civ. 700 (LBS), 1991 U.S. Dist. LEXIS 2124, at *15-16 (S.D.N.Y. Feb. 22, 1991) (weighing factors used to determine if a consent decree is fair and reasonable); *Meyer v. Macmillan Pub. Co.*, No. 78 Civ. 2133 (MEL), 1986 U.S. Dist. LEXIS 27492, at *15-*16 (S.D.N.Y. March 28, 1996) (determining that consent decree is fair, reasonable, adequate and supported by public policy). *See generally SEC v. Citigroup Global Mkts. Inc.*, 752 F.3d 285, 294 (2d Cir. 2014).

    Additionally, the Consent Decree is designed to serve as a shield for Defendant against claims by other potential plaintiffs who may come forward to assert similar claims based on the putative access violations that are being addressed and resolved pursuant to this settlement.

August 13, 2019
Page 2

Duplicative suits have been a recurring problem in similar matters handled by my law firm and others defending these matters around the country.

Counsel for Defendant has resolved several other very similar ADA website cases for other clients in this Court and in the Southern District of New York in which judges have approved virtually identical consent decrees. *See Sypert v. Pelham Country Club*, SDNY No. 18-cv-6496 (GBD), October 12, 2018 (DE 12); *Mendizabal v. American Self Storage 636, LLC*, SDNY No. 17-cv-10041 (ALC), October 15, 2018 (DE 23); *Sypert v. Gefen*, SDNY No. 18-cv-4336 (GBD), October 18, 2018 (DE 17); *Burbon v. Maidpro Inc.*, SDNY No. 18-cv-6290 (JMF), October 18, 2018 (DE 19); *Tucker v. CorePower Yoga*, SDNY No. 18-cv-5394 (AJN), December 3, 2018 (DE 17); *Burbon v. Hometeam*, SDNY No. 18-cv-4783 (VSB), December 27, 2018 (DE 20); *Mendez v. Madison York*, SDNY No. 18-cv-4947 (VSB), January 2, 2019 (DE 15); *Murphy v. Cos Bar Retail LLC,* SDNY No. 18-cv-06968 (RA), February 11, 2019 (DE 22); *Figueroa v. Arhaus, LLC*, SDNY No. 18-cv-10491(GWG), February 20, 2019 (DE 17); *Delacruz v. Naturopathica Holistic Health Inc.*, SDNY No. 18-cv-07548 (KHP), March 19, 2019 (DE 23); *Diaz v. Georg Jensen, Inc.*, SDNY No. 19-cv-00032 (SDA), March 20, 2019 (DE 16); *Camacho v. Neighborhood Playhouse School of Theatre*, SDNY No. 18-cv-10946 (JPO), April 3, 2019 (DE 14); *Martinez v. FKA Distributing Co. LLC*, EDNY No. 19-cv-00035 (RJD), April 29, 2019 (DE 10); *Mendez v. Midway A.L. LLC*, SDNY No. 18-cv-04946 (DCF), May 2, 2019 (DE 33); *Dominguez v. 1650 Broadway Assoc.,* SDNY No. 18-cv-09819 (DCF) May 28, 2019 (DE 19); *Camacho v. Emory & Henry College*, SDNY No. 18-cv-10601 (RA) (DE 13), June 4, 2019 (DE 22); *Diaz v. Levain Bakery*, SDNY No. 18-cv-12392 (DAB), June 17, 2019 (DE 13); *Dennis v. Madcadi Inc.*, EDNY No. 18-cv-07114 (KAM), June 24, 2019; *Bishop v. Korman Communities, Inc.*, SDNY No. 18-cv-09204 (VSB), June 26, 2019; *Bishop v. Regal Marine Industries, Inc.* SDNY No. 19-cv-1323 (VSB), July 2, 2019; *Picon v. Brooklyn Gastroenterology and Endoscopy, PLLC,* SDNY, 18-cv-07936 (ALN), July 8, 2019; *Dawson v. King Arthur Flour Company, Inc.,* SDNY, 19-cv-01435 (ALN), July 8, 2019; *Crosson v. Simple Finance Technology Corp.,* EDNY, 19-cv-02350 (DLI)(PK), July 12, 2019; *Thorne v. Datrex, Inc.,* SDNY, 19-cv-01045 (LTS)(BCM), July 15, 2019; *Fischler v. Greystar Worldwide LLC,* EDNY, 18-cv-04049 (VMS), July 17, 2019; *Thorne v. Seabring Marine Industries, Inc.,* SDNY, 19-cv-01299 (ALC), July 17, 2019; *Bishop v. Freedom Boat club, LLC*, SDNY, 19-cv-2636 (ALC), August 8, 2019; and *Fischler v. Monica & Andy, Inc.*, EDNY, 19-cv-01405 (WFK)(JO), August 12, 2019.

We respectfully request that Your Honor approve the enclosed Consent Decree for all of the reasons identified above.

August 13, 2019
Page 3

    Thank you for your attention to this matter.

                                            Respectfully,

                                            *Peter T. Shapiro*

                                            Peter T. Shapiro of
                                            **LEWIS BRISBOIS BISGAARD & SMITH** LLP

Enclosure

cc:      Counsel of Record (via ECF)