UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
ARETHA CROSSON, *individually and*
*as the representative of a class of*
*similarly situated persons*,

                       Plaintiff,                  **REPORT & RECOMMENDATION**
                                                            **19 CV 200 (CBA)(LB)**

   -against-

POPSOCKETS LLC,

                       Defendant.
------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

      Plaintiff Aretha Crosson brings this action against defendant PopSockets LLC alleging that popsockets.com, defendant's website (the "Website"), is not accessible to those who are vision impaired in violation of the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law, and the New York City Human Rights Law. On August 14, 2019, the parties filed a motion for approval of their consent decree. ECF No. 9 ("Motion"); ECF No. 9-1 ("Consent Decree"). The Honorable Carol B. Amon referred the parties' motion to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the reasons set forth below, it is respectfully recommended that the Consent Decree should be approved as modified herein.

## BACKGROUND

      This is but one of the hundreds of cases that have been filed in the Eastern and Southern Districts of New York alleging that a business's website is not ADA compliant. Dan M. Clark, Law, NY Lawmakers Plan to Address Surge in ADA Website Accessibility Suits, N.Y.L.J., Apr. 24, 2019, https://www.law.com/newyorklawjournal/2019/04/24/ny-lawmakers-plan-to-address-surge-in-ada-website-accessibility-suits/. Plaintiff is legally blind, and she uses her computer with the assistance of screen-reading software. Compl. ¶¶ 2, 17. Defendant offers "consumers with

1

access to an array of goods and services, including, the ability to view the various lines of mobile devise [sic] grips, mounts, cases, and other related products, and make purchases[,] among other features" on its Website, popsockets.com. Id. ¶¶ 5, 19. Plaintiff visited the Website, most recently in December 2018, and claims that she was unable to independently complete her purchase due to accessibility issues on the Website. Id. ¶¶ 19, 40. Plaintiff thus alleges that defendant discriminated against her by operating a website that is inaccessible to vision impaired individuals, and furthermore, has failed to correct the accessibility barriers. Id. at ¶¶ 7–8, 42–45.

## PROCEDURAL HISTORY

Plaintiff filed the instant complaint against defendant on January 10, 2019. ECF No. 1. As no proof of service on defendant had been filed within the ninety-day deadline under Federal Rule of Civil Procedure Rule 4(m), the Court ordered plaintiff to show good cause why such service had not been made. ECF No. 5. Plaintiff filed a letter regarding the late service of process on April 30, 2019. ECF No. 7. The parties then filed the instant motion for judicial approval of the consent decree. ECF No. 9.

## TERMS OF THE CONSENT DECREE

Pursuant to the parties' Consent Decree, defendant agrees to several terms regarding general nondiscrimination requirements and compliance with Title III of the ADA. Consent Decree at 4–7. In particular, defendant agrees to "use Reasonable Efforts[1] to provide persons with a disability . . . an equal opportunity to participate in or benefit from" resources on the Website as well as agreeing to "use Reasonable Efforts to ensure that persons with a disability . . . are not

---

[1] "Reasonable Efforts, as defined by the parties, are "the efforts that a reasonable person or entity in Defendant's position would use to achieve the goal or obligation. . . . Reasonable Efforts shall be interpreted so as to not require Defendant to undertake efforts regarding the cost, difficulty or impact on the Website, of which [efforts] could constitute an undue burden, as defined in Title III of the ADA . . . or which efforts could result in a fundamental alteration in the manner in which Defendant operates the Website – or the primary functions related thereto, or which could result in a loss of revenue or traffic on its Website-related operations." Consent Decree at 3.

excluded . . . or otherwise treated differently because of the absence of auxiliary aids and services [on the Website.]" Id. at 4.

Defendant agrees to "modify the Website[] as needed to substantially conform to the Web Content Accessibility Guidelines 2.0 and/or Web Content Accessibility Guidelines 2.1 Level A and AA Success Criteria . . . or any other [Web Content Accessibility Guidelines] deemed to be applicable" within eighteen months of Court approval of the Consent Decree. Id. at 5. If defendant "is unable to achieve substantial conformance" with the Web Content Accessibility Guidelines despite using Reasonable Efforts, defendant "shall be deemed to have satisfied its obligations under this Consent Decree[.]" Id. at 6. Furthermore, in the event that a party fails to uphold its obligations under the Consent Decree, the parties include "dispute resolution procedures." Id. at 7–8.

## STANDARD OF REVIEW

"Before entering a consent judgment, the district court must be certain that the decree 1) 'spring[s] from and serve[s] to resolve a dispute within the court's subject matter jurisdiction,' 2) 'come[s] within the general scope of the case made by the pleadings,' and 3) 'further[s] the objectives of the law upon which the complaint was based.'" Kozlowski v. Coughlin, 871 F.2d 241, 244 (2d Cir. 1989) (citing Local Number 93, International Ass'n of Firefighters v. City of Cleveland, 478 U.S. 501, 525 (1986)); see also Riverkeeper, Inc. v. MLV Concrete Inc., No. 14-CV-3762 (LDH)(PK), 2017 WL 3172897, at *2 (E.D.N.Y. June 26, 2017) (same); Figueroa v. Arhaus, LLC, No. 18 Civ. 10491 (GWG) (S.D.N.Y. Feb. 20, 2019), ECF No. 16 (applying standard in an identical ADA action to approve a consent decree between private parties).[2]

---

[2] The parties request that the Court approve the Consent Decree if it is "fair and reasonable and in the public interest." Motion at 1. However, as Judge Gorenstein discussed in Figueroa, the cases cited by the parties do not support that this is the proper standard. Moreover, the cases the parties cite are inapposite to the instant action. See Figueroa, No. 18 Civ. 10491 (GWG), (S.D.N.Y. 2019), ECF No. 16. The SEC v. Citigroup Global Mkts., Inc. case involved "a

3

# DISCUSSION

This Court has jurisdiction over the instant ADA dispute pursuant to 28 U.S.C. § 1331. The Consent Decree falls within the scope of the pleadings. In the complaint, plaintiff alleges that she was denied the opportunity to complete her purchase on defendant's Website due to accessibility issues. As defendant agrees to "take all Reasonable Efforts" to modify the Website to conform with the Web Content Accessibility Guidelines, the Consent Decree falls directly within the scope of the pleadings.

The Consent Decree also furthers the objectives of the ADA. "Title III of the ADA provides that '[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation[3][.]'" Andrews v. Blick Art Materials, LLC, 268 F. Supp. 3d 381, 387 (E.D.N.Y. 2017) (citing 42 U.S.C. § 12182(a) (emphasis omitted)). The Consent Decree requires defendant to make Reasonable Efforts to modify the Website pursuant to the Web Content Accessibility Guidelines, and in doing so, furthers the purpose of the ADA by striving to provide vision impaired persons access to make purchases and learn about products and services on the Website.

---

proposed consent judgment involving an enforcement agency." 752 F.3d 285, 294 (2d Cir. 2014) The other two cases cited by the parties, Yap v. Sumitomo Corp. of Am. and Meyer v. Macmillan Pub. Co., Inc., involved review of class action settlements. Yap, No. 88 Civ. 700 (LBS), 1991 WL 29112, at *1 (S.D.N.Y. Feb. 22, 1991); Meyer, 95 F.R.D. 411, 412 (S.D.N.Y. 1986). This case does not involve an action brought by an enforcement agency or a class action settlement. The parties shall take care to remove the inapposite language and case citations from future court filings.

[3] Defendant "denies that the Website is a place of public accommodation or that Defendant is otherwise subject to Title III of the ADA, NYSHRL, and/or NYCHRL." Consent Decree at 2. Although the Court recommends that the Consent Decree be approved, nothing in the Court's recommendation of granting the Consent Decree shall be construed as a ruling on this issue. See Andrews, 268 F. Supp. 3d at 387–93 (discussing the varying interpretations among courts on what constitutes a "place" of public accommodation under the ADA); see also Delacruz v. Naturopathica Holistic Health Inc., No. 18 Civ. 7548 (KHP) (S.D.N.Y. Mar. 19, 2019), ECF No. 23 (approving consent decree in an identical ADA case, but declining to address whether the underlying website constituted a "place of public accommodation" under the ADA).

Furthermore, materially identical consent decrees have been approved in several ADA website cases. Fischler v. Monica & Andy, Inc., No. 19 CV 1405 (WFK)(JO) (E.D.N.Y. 2019), ECF No. 14; Fischler v. Greystar Worldwide LLC, No. 18 CV 4049 (VMS) (E.D.N.Y. 2018), Electronic Order dated July 17, 2019; Crosson v. Simple Fin. Tech. Corp., No. 19 CV 2350 (DLI)(PK) (E.D.N.Y. 2019), Electronic Order dated July 12, 2019; Figueroa, Case No. 18 Civ. 10491 at ECF No. 16; see also Motion at 2 (citing cases).

The Court recommends that the Consent Decree should be approved but modified as follows: the Court should strike the "public interest" language in Proposed Finding No. 3. Consent Decree at 11. Proposed Finding No. 3. should now read as follows: "Entry of this Consent Decree complies with the standard set forth in the Court's October 8, 2019 Report and Recommendation." Furthermore, Proposed Finding No. 5 that "[t]he Plaintiff is acting as a private attorney general in bringing this Action and enforcing the ADA," id. at 11, is irrelevant and should be stricken in its entirety.

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends that the Consent Decree should be approved as modified herein. If this Report and Recommendation is adopted, the Clerk of Court should be directed to close this case.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist.

Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: October 8, 2019
       Brooklyn, New York