UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
ARETHA CROSSON, *individually and as the representative of a class of similarly situated persons*,

                Plaintiff,

    -against-

POPSOCKETS LLC,

                Defendant.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
19-CV-0200 (CBA) (LB)

FILED IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N.Y. ★ NOV 19 2019 ★ BROOKLYN OFFICE

RD 11-19-19 EF

**AMON, United States District Judge:**

Plaintiff Aretha Crosson, individually and as the representative of a class of similarly situated persons, brings this action against PopSockets, LLC, alleging that popsockets.com (defendant's website) is not accessible to those who are vision impaired and therefore is in violation of the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law, and the New York City Human Rights Law. (D.E. # 1.) Plaintiff filed the instant complaint on January 10, 2019, (id.), and proof of service upon defendant was filed on April 30, 2019, (D.E. # 6). The parties moved for judicial approval of their proposed consent decree on August 14, 2019, (D.E. # 9), and the Court referred the proposed consent decree to the Honorable Lois Bloom, U.S. Magistrate Judge, for review, (D.E. dated August 26, 2019). Magistrate Judge Bloom submitted a Report and Recommendation ("R&R"), which recommended that the Court approve the proposed consent decree as modified in the R&R.

In the proposed consent decree, Defendant agrees to use reasonable efforts to provide persons with a disability the ability to participate in or benefit from its website's resources and to ensure such persons are not excluded or otherwise treated differently because of the absence of auxiliary aids and services on the website. (D.E. # 9-1 at 4–7.) Defendant also agrees to modify the website to conform with standard website accessibility guidelines. (Id. at 5.) If the defendant

1

cannot achieve substantial conformance with the applicable guidelines using reasonable efforts, the defendant will be deemed to have satisfied its obligations under the consent decree. (Id. at 6.) If a party fails to uphold its obligations under the consent decree, the parties will turn to dispute resolution procedures. (Id. at 7–8.)

No party has objected to the R&R, and the time for doing so has passed. When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). The Court has reviewed the record and, finding no clear error, adopts the R&R as the opinion of the Court.

The consent decree is approved as specifically modified on page 5 of the R&R, and the Clerk of Court is directed to close the case.

SO ORDERED.

Dated: November 18, 2019
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge